IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MATTHEW R. WASSAM, ) | Case No. 5:21-cv-1695 |
| ) | |
| Plaintiff, ) | JUDGE DONALD C. NUGENT |
| ) | |
| v. ) | MAGISTRATE JUDGE |
| ) | THOMAS M. PARKER |
| COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Defendant. ) | |

Plaintiff, Matthew R. Wassam, seeks judicial review of the final decision of the Commissioner of Social Security, denying his application for supplemental security income under Title XVI of the Social Security Act. This matter is before me pursuant to 42 U.S.C. § 405(g) and Local Rule 72.2(b) for preparation of a report and recommendation. Wassam has requested leave to proceed *in forma pauperis* ("IFP") in this matter. ECF Doc. 2. Because I conclude that Wassam has sufficient financial resources to pay the court's $402 filing fee,[1] I recommend that the Court DENY his application for leave to proceed IFP.

I.      **Relevant Background**

On August 31, 2021, Wassam filed a complaint (ECF Doc. 1) and an IFP application (ECF Doc. 2). In describing his financial status, Wassam states that his only income is public assistance. ECF Doc. 2 at 1-2. He has received an average of $800 in Food Stamps every month

---

[1] N.D. Ohio Fee Schedule, available at https://www.ohnd.uscourts.gov/fee-schedule (last visited September 2, 2021).

over the past 12 months, which is expected to go down to $200 next month. ECF Doc. 2 at 1-2. Wassam has no cash, and he reports no checking or savings account. ECF Doc. 2 at 2. His only asset is a 401(k) account with a remaining balance of $22,791.47. ECF Doc. 2 at 2-3. Wassam claims no household expenses. ECF Doc. 2 at 3-4. He lives in his grandmother's house, which his grandmother maintains, although she has dementia and resides in a nursing home. ECF Doc. 2 at 4.

**II.    Law and Analysis**

Pursuant to 28 U.S.C. §1915, this Court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The Sixth Circuit has recognized that "pauper status does not require absolute destitution." *Foster v. Cuyahoga Dep't of Health & Hum.Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001) (citation omitted). Rather, the relevant question is "whether the court costs can be paid without undue hardship." *Id.*

Here, Wassam's application reflects that he has sufficient financial resources to cover the filing fee without undue hardship. *Id.* Although he has no income, he reports not expenses either. ECF Doc. 2 at 1-4. And his 401(k) has a balance that far exceeds the $402 filing fee. ECF Doc. 2 at 3. Early withdrawal of funds from his 401(k) may result in the withdrawn amount being considered taxable income subject to a 10% tax. 26 U.S.C. §§ 72(t)(1), 401(a), 401(k)(1), 4974(c); *see also Davis v. Helbling (In re Davis)*, 960 F.3d 346, 362 (6th Cir. 2020) (Readler, J., dissenting) (citations omitted). But given the balance of Wassam's 401(k), it does not appear that the cost of filing is beyond his means. Rather, this is a case where he must "weigh the

financial constraints posed by pursuing [his] complaint against the merits of [his] claims." *Ciavarella v. Comm'r of Soc. Sec.*, No. 5:13-CV-2031, 2013 U.S. Dist. LEXIS 136441, at *5 (N.D. Ohio Sept. 24, 2013) (quotation marks omitted).  Moreover, unexplained by Wassam's IFP materials is how his grandmother "maintains" her residence if she is in a nursing home.  Such a statement plainly implies that the household has funds from the grandmother's benefits still coming in, but Wassam has not included such information for the court's evaluation.

### III.     Recommendation

Because Wassam has sufficient financial resources with which to pay the court's $402 filing fee without bearing undue hardship, I find that Wassam is not eligible to proceed IFP in this case.  Accordingly, I recommend that the Court DENY Wassam's IFP application (ECF Doc. 2) and require him to pay the filing fee within a reasonable time.

Dated: September 2, 2021

Thomas M. Parker
United States Magistrate Judge

### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn,* 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).